[Cite as *State v. Vince*, 2022-Ohio-1320.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,            :

                                                 No. 110798

    v.                                   :

ZERIAN VINCE,                           :

    Defendant-Appellee.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 21, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-653626-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Van, Assistant Prosecuting Attorney, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee*.

JAMES A BROGAN, J.:

{¶ 1} The state of Ohio appeals from the sentence imposed on defendant-appellee Zerian Vince ("Vince"). Specifically, the trial court found the Reagan Tokes Law unconstitutional and declined to impose an indefinite sentence pursuant to the

law. For the following reasons, the trial court's judgment is reversed, and the matter is remanded for resentencing.

**Factual and Procedural History**

{¶ 2} On December 20, 2019, Vince was arrested for charges in juvenile court in Cuyahoga J.C. No. DL-19-115330. The case was bound over to adult court on October 6, 2020, and the clerk docketed the case as Cuyahoga C.P. No. CR-20-653626-A.[1]

{¶ 3} On October 29, 2020, in Cuyahoga C.P. No. CR-20-653626-A, a Cuyahoga County Grand Jury indicted Vince on Count 1, aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree; Count 2, robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree; Count 3, robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree; Count 4, robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree; Count 5, grand theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; Count 6, receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree; Count 7, having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree; Count 8, failure to comply in violation of R.C. 2921.331(B), a felony of the third degree; Count 9, failure to comply in violation of R.C. 2921.331(B), a felony of the fourth degree; and Count 10, criminal damaging or endangering in

---

[1] Vince was charged in three additional juvenile court cases — Cuyahoga J.C. Nos. DL-18-114707, DL-19-100417, and DL-20-100861 — that were adjudicated in the juvenile court setting. The juvenile court imposed Ohio Department of Youth Services commitments in all three juvenile cases.

violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. Counts 1 through 5 carried one- and three-year firearm and forfeiture of a weapon specifications. Count 6 carried a one-year firearm and forfeiture of a weapon specifications. Count 7 carried a forfeiture of a weapon specification.

{¶ 4} On November 20, 2020, Vince pleaded not guilty to the indictment. On August 26, 2021, the court held a change-of-plea hearing. The court explained the maximum potential penalties Vince faced. After engaging Vince in a Crim.R. 11 colloquy, Vince retracted his former pleas of not guilty and the trial court accepted his guilty pleas. Vince pleaded guilty to amended Count 1, aggravated robbery, a felony of the first degree with a forfeiture specification; amended Count 5, grand theft, a felony of the fourth degree with a forfeiture specification; Count 7, having weapons while under disability, a felony of the third degree with a forfeiture specification; Count 8, failure to comply, a felony of the third degree; and Count 10, criminal damaging or endangering, a misdemeanor of the second degree. The state nolled the remaining charges and specifications.

{¶ 5} On the same date, the trial court found the Reagan Tokes Law unconstitutional and, therefore, did not impose an indefinite sentence under the law. The court sentenced Vince to three years on amended Count 1, six months on amended Count 5, nine months each on Counts 7 and 8, and 90 days on Count 10. The sentences on Counts 1, 5, 7, and 10 were to be served concurrently with each other and Count 8's sentence was to be served consecutively to Count 1, for an aggregate sentence of three years and nine months. Further, the aggregate sentence

was to be served concurrently with Vince's juvenile court commitments in Cuyahoga J.C. Nos. DL-18-114707, DL-19-100417, and DL-20-100861. The court ordered restitution to the victim and postrelease control.

{¶ 6} On September 2, 2021, the state of Ohio filed a timely notice of appeal.

**Legal Analysis**

{¶ 7} In its sole assignment of error, the state argues that the trial court erred when it found the Reagan Tokes Law to be unconstitutional and did not impose an indefinite sentence. Vince argues the trial court was correct in finding the Reagan Tokes Law unconstitutional because the law violates a defendant's right to a jury trial, due process, and the separation-of-powers doctrine.

{¶ 8} Pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which found the Reagan Tokes Law enacted through S.B. 201 was not unconstitutional, we sustain the state's assignment of error, reverse the trial court's judgment, and remand the matter for resentencing in accordance with the provisions of the Reagan Tokes Law.

{¶ 9} Judgment reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
JAMES A. BROGAN, JUDGE*

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR

(*Sitting by assignment:  James A. Brogan, J., retired, of the Second District
Court of Appeals.)